IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-CV-00446-PAB

EC DATA SYSTEMS, INC.,

        Plaintiff,

v.

J2 GLOBAL, INC., and

ADVANCED MESSAGING TECHNOLOGIES, INC.

        Defendants.

---

## EC DATA SYSTEMS, INC.'S ANSWER TO COUNTERCLAIMS, AND COUNTERCLAIMS FOR FURTHER DECLARATORY JUDGMENT

---

Plaintiff EC Data Systems, Inc. ("EC Data") hereby answers the Counterclaims filed by Defendants j2 Global, Inc.("j2") and Advanced Messaging Technologies, Inc. ("Advanced Messaging") as follows:

### ANSWER TO FACTUAL ALLEGATIONS

1.    EC Data admits the allegations in Paragraph 1 of Defendants' Counterclaims.

2.    EC Data admits the allegations in Paragraph 2 of Defendants' Counterclaims.

3.    EC Data admits the allegations in Paragraph 3 of Defendants' Counterclaims.

4.    EC Data admits the allegations in Paragraph 4 of Defendants' Counterclaims.

5. EC Data admits that it provides and has provided fax-to-email services to Vitelity Communications, Inc. and denies the remaining allegations in Paragraph 5 of Defendants' Counterclaims.

6. Answering Paragraph 6 of Defendants' Counterclaims, EC Data admits that Defendants' Counterclaims purports to allege an action for patent infringement and that the Court has subject matter jurisdiction over this action.

7. EC Data admits the allegations in Paragraph 7 of Defendants' Counterclaims.

8. EC Data admits that venue is proper in this district and denies the remaining allegations in Paragraph 8 of Defendants' Counterclaims.

9. Paragraph 9 of Defendants' Counterclaims does not contain any factual allegations that may be admitted or denied

10. EC Data admits that United States Patent No. 6,208,638 was issued on March 27, 2001 to Jack Rieley and Jaye Muller, that the patent underwent examination, and that j2 has attached a true and correct copy of the patent and reexamination certificate. EC Data denies the remaining allegations in Paragraph 10 of Defendants' Counterclaims.

11. EC Data is without knowledge sufficient to admit or deny the allegations in Paragraph 11 of Defendants' Counterclaims.

12. EC Data denies the allegations in Paragraph 12 of Defendants' Counterclaims.

13. Answering Paragraph 13 of Defendants' Counterclaims, EC Data admits that it does not have a patent license from Defendants and denies any implication that such a license is required.

14. EC Data denies the allegations in Paragraph 14 of Defendants' Counterclaims.

15. EC Data denies the allegations in Paragraph 15 of Defendants' Counterclaims.

16. EC Data denies the allegations in Paragraph 16 of Defendants' Counterclaims.

17. Paragraph 17 of Defendants' Counterclaims does not contain any factual allegations that may be admitted or denied

18. EC Data admits that United States Patent No. 6,350,066 was issued on February 26, 2002 to Charles R. Bobo, II, that the patent underwent examination, and that j2 has attached a true and correct copy of the patent and reexamination certificate. EC Data denies the remaining allegations in Paragraph 18 of Defendants' Counterclaims.

19. EC Data is without knowledge sufficient to admit or deny the allegations in Paragraph 19 of Defendants' Counterclaims.

20. EC Data denies the allegations in Paragraph 20 of Defendants' Counterclaims.

21. Answering Paragraph 21 of Defendants' Counterclaims, EC Data admits that it does not have a patent license from Defendants and denies any implication that such a license is required.

22. EC Data denies the allegations in Paragraph 22 of Defendants' Counterclaims.

23. EC Data denies the allegations in Paragraph 23 of Defendants' Counterclaims.

24. EC Data denies the allegations in Paragraph 24 of Defendants' Counterclaims.

25. Paragraph 25 of Defendants' Counterclaims does not contain any factual allegations that may be admitted or denied

26. EC Data admits that United States Patent No. 6,597,688 was issued on July 22, 2003 to Anand Narasimhan, Yaacov Shemesh and Amit Kumar, that the patent underwent examination, and that j2 has attached a true and correct copy of the patent and reexamination

certificate. EC Data denies the remaining allegations in Paragraph 26 of Defendants' Counterclaims.

27. EC Data is without knowledge sufficient to admit or deny the allegations in Paragraph 27 of Defendants' Counterclaims.

28. EC Data denies the allegations in Paragraph 28 of Defendants' Counterclaims.

29. Answering Paragraph 29 of Defendants' Counterclaims, EC Data admits that it does not have a patent license from Defendants and denies any implication that such a license is required.

30. EC Data denies the allegations in Paragraph 30 of Defendants' Counterclaims.

31. EC Data denies the allegations in Paragraph 31 of Defendants' Counterclaims.

32. EC Data denies the allegations in Paragraph 32 of Defendants' Counterclaims.

33. Paragraph 33 of Defendants' Counterclaims does not contain any factual allegations that may be admitted or denied

34. EC Data admits that United States Patent No. 7,020,132 was issued on March 28, 2006 to Anand Narasimhan, Yaacov Shemesh and Amit Kumar and that j2 has attached a true and correct copy of the patent. EC Data denies the remaining allegations in Paragraph 34 of Defendants' Counterclaims.

35. EC Data is without knowledge sufficient to admit or deny the allegations in Paragraph 35 of Defendants' Counterclaims.

36. EC Data denies the allegations in Paragraph 36 of Defendants' Counterclaims.

37. Answering Paragraph 37 of Defendants' Counterclaims, EC Data admits that it does not have a patent license from Defendants and denies any implication that such a license is required.

38. EC Data denies the allegations in Paragraph 38 of Defendants' Counterclaims.

39. EC Data denies the allegations in Paragraph 39 of Defendants' Counterclaims.

40. EC Data denies the allegations in Paragraph 40 of Defendants' Counterclaims.

## **AFFIRMATIVE DEFENSES**

1. Defendants' Counterclaims fail to state a claim for which relief may be granted under Fed. R. Civ. P. 12(b)(6).

2. EC Data has not infringed and does not infringe, either directly or indirectly, any of the claims of the '638, '066, '688 or '132 Patents under any theory (whether individually or jointly), directly or indirectly (whether contributorily or by inducement).

3. Upon information and belief, Defendants are estopped, by virtue of cancellations, amendments, representations, and concessions made to the United States Patent and Trademark Office during the prosecution of the '638, '066, '688 or '132 Patents or any applications from which they claim priority, from construing any claims of the ''638, '066, '688 or '132 Patents to have been infringed by EC Data.

4. Upon information and belief, Defendants' claims for relief are barred by the doctrines of acquiescence, estoppel, laches, or waiver.

5. 35 U.S.C. § 286 bars Defendants from recovering any damages for any alleged infringements that occurred more than six years prior to the commencement of this action.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

### THE PARTIES

1. EC Data is a Colorado corporation with its principal place of business at 8484 S. Valley Hwy., Suite 250B, Englewood, CO 80112.

2. j2 Global, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 6922 Hollywood Boulevard, Suite 500, Los Angeles, California 90028.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code.

4. The Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the patent laws of the United States, 35 U.S.C. § 1, et seq.

5. The Court has personal jurisdiction over j2. Upon information and belief, j2 does substantial, continuous and systematic business in the State of Colorado. And as set forth in EC Data's Complaint, j2 has purposely directed its activities related to the Patents-in-Suit at EC Data in Colorado and EC Data's Colorado-based customer.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

### FACTUAL ALLEGATIONS

7. EC Data incorporates by reference Paragraphs 9 through 19 of its Complaint for Declaratory Judgment as if stated in full herein.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Non-infringement of the '688 Patent)**

8. EC Data repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

9. EC Data has not infringed and is not now infringing, either directly, contributorily, or through inducement, willfully or otherwise, United States Patent No. 6,597,688 ("the '688 Patent").

10. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

11. A judicial declaration of non-infringement is necessary and appropriate so that EC Data may ascertain its rights with respect to the '688 Patent.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment of Non-infringement of the '132 Patent)**

12. EC Data repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

13. EC Data has not infringed and is not now infringing, either directly, contributorily, or through inducement, willfully or otherwise, United States Patent No. 7,020,132 ("the '132 Patent").

14. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

15.     A judicial declaration of non-infringement is necessary and appropriate so that EC Data may ascertain its rights with respect to the '132 Patent.

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '132 Patent)

16.     EC Data repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

17.     The '132 Patent is invalid for failure to meet one or more of the requirements of patentability under 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

18.     The claims of the '132 patent are invalid because the alleged inventions claimed therein are anticipated in view of the prior art to one having ordinary skill in the art and thus fail to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 102 and 103.

19.     One or more of the claims of the '132 patent are invalid because they address non-patentable subject matter and thus fail to satisfy the conditions for patentability set forth in 35 U.S.C. § 101.

20.     One or more of the claims of the '132 patent are invalid because they do not comply with the written description and/or enablement requirements set forth in 35 U.S.C. § 112..

21.     EC Data is entitled to a declaratory judgment that the claims of the '132 patent are invalid.

## JURY DEMAND

EC Data hereby demands a trial by jury on every issue so triable with respect to its Complaint, Defendants' Counterclaims, and EC Data's Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff EC Data requests that judgment against j2 Global, Inc. be entered as follows:

A. That EC Data does not infringe the '688 Patent or the '132 Patent;

B. That the claims of the '132 Patent are invalid;

C. That the case is exceptional under 35 U.S.C. § 285 and that EC Data be awarded its attorneys' fees, costs and expenses incurred in this action as provided by that statute; and

D. That EC Data have such other and further relief as the Court may deem just and proper.

Dated:   May 14, 2012                                    Respectfully submitted,

By: /s/ **Matthew D. Spohn**
William J. Leone
Matthew D. Spohn
**FULBRIGHT & JAWORSKI L.L.P.**
1200 17th Street, Suite 1000
Denver, Colorado  80202-5835
(303) 801-2700
(303) 801-2777 (fax)
wleone@fulbright.com
mspohn@fulbright.com

ATTORNEYS FOR PLAINTIFF EC DATA SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2012, I caused a true and correct copy of the foregoing **ANSWER TO COUNTERCLAIMS AND FURTHER COUNTERCLAIMS FOR DECLARATORY JUDGMENT** upon the following counsel of record via the court-provided Electronic Case Filing ("ECF") System, and such document is available for viewing and downloading from the ECF system:

Theodore W. Rosen, Esq.
THEODORE W. ROSEN, P.C.
3003 East Third Avenue, Suite 205C
Denver, Colorado 80206
(303) 837-1767
(303) 837-1765 (fax)
twrosen@msn.com

*s/ Susan M. Morrissey* _____