IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-00446-PAB

EC DATA SYSTEMS, INC.,

    Plaintiff,

v.

J2 GLOBAL, INC. and
ADVANCED MESSAGING TECHNOLOGIES, INC.,

    Defendants.

_____

**ORDER OF TRANSFER**
_____

Plaintiff EC Data Systems, Inc. ("EC Data") commenced this action on February 21, 2012.  EC Data seeks a declaratory judgment that it is not infringing United States Patent Nos. 6,208,638 (the "'638 Patent") and 6,350,066 (the "'066 Patent") (collectively, the "patents"), to which defendants j2 Global, Inc. and Advanced Messaging Technologies, Inc. (collectively, "j2") purport to hold the rights.  The matter now comes before the Court on j2's motion to transfer venue to the Central District of California [Docket No. 13] pursuant to 28 U.S.C. § 1404(a).

In the motion, j2 requests that the Court transfer this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a), which provides in pertinent part that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  j2, as the party seeking transfer of this action pursuant to section 1404(a), "bears the burden of establishing that the existing

forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

EC Data does not dispute that this case "might have been brought" in the Central District of California. The Court, therefore, must determine whether, upon consideration of the following factors, j2 has established inconvenience in this District sufficient to justify a transfer: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical. *See Chrysler Credit Corp.*, 928 F.2d at 1516 (citation omitted).[1]

"Unless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quotation marks, alteration and citation omitted). Moreover, defendant must demonstrate that the balance is in its favor by clear and convincing evidence.

---

[1] There is no mandatory forum selection clause to consider in this case.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 n.13 (10th Cir. 2010) (citation omitted).

Turning to the remaining factors, "[t]here is no suggestion that a judgment rendered in one court would be more or less enforceable[.]" *Berentsen v. Titan Technology Partners, Ltd.*, No. 08-cv-02415-MSK-KMT, 2009 WL 3162251, at *3 (D. Colo. Sep. 30, 2009). Nor does j2 argue that a transfer addresses any concerns regarding the cost or fairness of the case, the enforceability of any resulting judgment, or the relative congestion of the dockets. j2 does not provide the Court with any reason to believe that conflict of laws or local law are implicated. Furthermore, in regard to the availability of most witnesses and documents and the connection with the respective forums, j2 concedes that the districts are not materially distinguishable.

j2 contends that "two potential third-party witnesses reside in Los Angeles and therefore are amenable to service of process in the Central District of California, whereas j2 is not aware of any potential third-party witnesses in Colorado." Docket No. 13 at 11. Although j2 identifies those witnesses as attorneys "involved" in prosecuting the '638 Patent, *see* Docket No. 14 at 3, ¶ 10, it provides no other information that would support the conclusion that their presence in the Central District of California weighs in favor of transfer. *See Employers Mut.*, 618 F.3d at 1169 ("To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) 'indicate the quality or materiality of the[ir] testimony'; and (3) 'show[ ] that any such witnesses were unwilling to come to trial . . . [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary.'") (citation

omitted, alterations in original); *cf.* 15 Wright, Miller & Cooper § 3851 ("If the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, without identifying them and providing sufficient information to permit the district court to determine what and how important their testimony will be, the application for transferring the case should be denied[.]").

In its reply brief, j2 states that, "[c]andidly, it would be less convenient for EC Data to pursue this case in California, just as it would be less convenient for j2 to retry in Colorado the issues it is currently pursuing in California against numerous similarly-situated parties." Docket No. 22 at 4. "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue." *Scheidt,* 956 F.2d at 966.

Nevertheless, there are considerations apart from relative convenience to the parties implicated here. Cases related to the same patents are currently pending in the Central District of California. Although plaintiff contends that issues of invalidity and unenforceability may not arise in the present case, they well may. Furthermore, as j2 points out, judicial economy will be undermined by having multiple courts construe the same patents.[2] *Cf.* Docket No. 1 at 5, ¶ 18 ("The claims of the Patents-in-Suit have been construed in a litigation brought by j2 against Captaris, Inc., in the Central District of California."). The Federal Circuit has stated in the context of patent suits that, in addition to convenience of the parties, "the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in

---

[2]In addition to being inefficient, multiple claim construction rulings could result in inconsistent judgments.

the interest of justice." *In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009); see *MasterCard Int'l Inc. v. Lexcel Solutions, Inc.*, 2004 WL 1368299, at *8 (S.D.N.Y. June 16, 2004) ("It would be inefficient and a waste of judicial resources to subject the same parties to suit over interconnected claims concerning identical technology and underlying disputes in two separate fora.").

      This "paramount consideration" arises here in the context of a declaratory judgment action. EC Data appears to have brought this case in anticipation of being sued by j2 in the Central District of California. "Where two courts have concurrent jurisdiction over substantially similar actions, less deference may be given to a plaintiff who has filed a declaratory judgment in anticipation of litigation." *Breckenridge Pharmaceutical, Inc. v. KV Pharmaceutical Co.*, 2009 WL 1404698, at *4 (S.D. Fla. May 19, 2009); see *Cincinnati Ins. Co. v. O'Leary Paint Co., Inc.*, 676 F. Supp. 2d 623, 631 (W.D. Mich. 2009) (noting that the Seventh Circuit had held that "a district court may choose to give little or *no* weight to a declaratory-judgment plaintiff's choice of forum in the section 1404(a) analysis") (emphasis in original). The Court finds that affording lesser deference is particularly appropriate here where plaintiff's initiation of the present suit appears motivated at least in part by the desire to have a second court engage in the claim construction process already completed in multiple cases in the Central District of California in front of the same judge. *See* Docket No. 1 at 5, ¶ 18. Because plaintiff's choice of forum, to the extent it is entitled to deference here, is strongly outweighed by the judicial economy afforded by keeping the related actions together, it is

**ORDERED** that defendants' motion to transfer [Docket No. 13] is GRANTED. This action shall be transferred to the United States District Court for the Central District of California.

DATED August 29, 2012.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge